The Honorable James A. Barnett State Senator, 17th District 1400 Lincoln Emporia, Kansas 66801
Dear Senator Barnett:
You ask whether a county fire district may pay for the installation of a fire hydrant. You acknowledge a prior opinion of former Attorney General Robert T. Stephan[1] that concluded that the purchase of fire hydrants was not a proper expenditure for a township from proceeds of a tax levy for fire protection. You indicate that you disagree with that opinion, and point out that your inquiry relates to a county fire district, rather than to fire protection by a township.
A county fire district is a creature of statute and has only such power and authority expressly granted by the Legislature.[2] K.S.A. 19-3601et seq. provides for the organization of county fire districts. The powers of a county fire district governing body are set forth in K.S.A.19-3601a as follows:
"Upon the creation of a fire district under the provisions of K.S.A. 19-3601 et seq., and amendments thereto, the governing body shall have the authority to:
"(a) Enter contracts;
"(b) acquire and dispose of real and personal property;
"(c) acquire, construct, reconstruct, equip, operate, maintain and furnish buildings to house fire fighting equipment;
"(d) acquire, operate and maintain fire fighting equipment;
"(e) issue bonds as provided in this act;
"(f) pay compensation and salaries to fire district employees;
"(g) exercise eminent domain;
"(h) pay the operation and maintenance expenses of the fire district and any other expenses legally incurred by the fire district; and
"(i) do all other things necessary to effectuate the purposes of this act."
K.S.A. 19-3610 authorizes an ad valorem tax levy on property within a fire district and limits the use of levy proceeds "to carry out the powers, duties and functions of the governing body of the fire district as specified in K.S.A. 19-3601a. . . ." The only provision of K.S.A. 19-3601a
that might arguably authorize the use of a county fire district's funds for the installation of a fire hydrant would be subsection (d), "acquire, operate and maintain fire fighting equipment."
Although Attorney General Opinion No. 92-78 dealt with fire protection by a township, the pivotal issue was whether fire hydrants could be considered fire fighting equipment. That opinion concluded that:
"Fire hydrants are more reasonably categorized as equipment for the utilization of water than as fire fighting equipment per se. A township is not authorized to purchase fire hydrants with funds levied pursuant to K.S.A. 80-1503, and accordingly may not use such funds to purchase fire hydrants to loan or give to a rural water district."
We have reviewed that opinion and further researched whether fire hydrants should be considered as "fire fighting equipment" under K.S.A.19-3601a. The only statutes that refer to fire hydrants, other than one that prohibits parking too close to one,[3] are statutes concerning water systems.[4] Additionally, in at least one case, the Court considered fire hydrants as part of a township's water works system in discussing whether a township could levy a tax to pay for the installation and maintenance of fire hydrants.[5] While fire hydrants are provided solely or primarily for fire protection purposes, in our opinion they are a part of the facilities in a water works system rather than fire fighting equipment. Therefore, we affirm Attorney General Opinion No. 92-78, and opine that a county fire district is not authorized to use funds levied pursuant to K.S.A. 19-3610 to pay for the installation of fire hydrants.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] Attorney General Opinion No. 92-78.
[2] Petition of City of Shawnee, 236 Kan. 1, 12 (1984).
[3] K.S.A. 8-1571.
[4] K.S.A. 13-1227; 13-1278; 13-2402; 80-1605.
[5] Fleming v. Ferguson, 161 Kan. 562 (1946).